## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BENNY R. SMITH,

                    **Plaintiff,**

          v.                                    **CASE NO. 18-3022-SAC**

SAM CLINE, et al.,

                    **Defendants.**


### MEMORANDUM AND ORDER

Plaintiff, a prisoner in state custody, brings a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that the defendant prison officials have spiked his meals with unknown chemicals, allowed other prisoners to taunt and touch him, and have subjected him to retaliation, violation of "Mandela Rules", unlawful censorship, failure to protect, false convictions, conversion, and attempted first-degree murder (Doc. #1, pp. 1-39). He seeks injunctive relief barring prison officials from censoring his telephone calls and outgoing correspondence and other relief.

Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act substantially changed the manner in which indigent prisons may proceed in the United States District Courts. In particular, Section 1915 now provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records from the District of Kansas reflect that plaintiff has filed at least ten cases in this court and that at least three of those cases, or related appeals, were dismissed on grounds qualifying as a strike under § 1915(g).[1]

The Court has carefully reviewed the complaint and the supplemental materials submitted by the plaintiff. While these documents suggest that plaintiff has health concerns, it does not appear that he is in immediate danger of serious injury. First, it is clear that plaintiff receives medical attention. *See* Doc. #1, Attach., p. 14, 10/20/2017 response regarding complaints of poisoned food and other concerns, describing monthly special needs services and weekly behavioral health contacts). In addition, many of the incidents described in the complaint and attachments occurred months before plaintiff commenced this action. *See, e.g., id.*, p. 17, 4/8/09 grievance response regarding medical complaint, described testing and treatment plans but noting plaintiff's refusal to undergo recommended procedure, and p. 33, 8/1/2017 disciplinary report describing plaintiff's refusal to move to another cell and requesting protective custody. On the present record, plaintiff has not met the criterion of imminent danger of serious injury that would allow him to proceed in forma pauperis. The Court will deny the motion to proceed in forma

---

[1] The qualifying cases are: (1) Case No. 03-3242, *Smith v. Bruce* (dismissed for failure to state a claim for relief); (2) Case No. 04-3043, *Smith v. Peterson* (10th Cir., appeal from Case No. 03-3242)(appeal dismissed as frivolous); and (3) Case No. 04-3068, *In re Benny R. Smith*, (10th Cir., appeal from Case No. 04-3025)(Notice of Appeal, construed as a petition for mandamus and denied as frivolous).

pauperis and must require plaintiff to pay the full filing fee.

Plaintiff also moves for the appointment of counsel (Doc. #5). As a party to a civil action, plaintiff has no constitutional right to the appointment of counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the Court has discretion to appoint counsel and must consider factors including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(internal citations and quotations omitted). It is not enough "that having counsel appointed would have assisted [the plaintiff] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d 1218, 1223 (10th Cir. 2006).

At this point, the Court has not yet determined whether plaintiff's claims may proceed. The Court therefore will deny the request without prejudice.

Plaintiff also seeks a file-stamped copy of all of the pleadings in this matter (Doc. #7). This matter has been electronically filed, and plaintiff is issued a notice of electronic filing upon the entry of each pleading on the Court's docket. Because plaintiff has shown no need a file-stamped copy of each pleading, it will deny the motion but will direct the clerk of the court to transmit a copy of the docket sheet to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is denied. Plaintiff is granted to and including March 16, 2018, to submit the $400.00 filing fee in this matter.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. #5) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for file-stamped copy (Doc. #7) is denied. The clerk of the court shall transmit a copy of the docket sheet to plaintiff.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge