**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BENNY R. SMITH,**

                    **Plaintiff,**

       v.                                    **CASE NO. 18-3022-SAC**

**WARDEN SAM CLINE, et al.,**

                    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. On February 16, 2018, the Court conducted a preliminary screening of this matter and determined that petitioner is subject to 28 U.S.C. § 1915(g), the three strikes provision of the federal in forma pauperis statute, which prohibits a prisoner from proceeding in forma pauperis in a civil action or appeal if three previous filings have been dismissed as frivolous, malicious, or for failure to state a claim for relief. The sole exemption allowed by the statute requires a prisoner to show an "imminent danger of serious physical injury." § 1915(g).

The Court concluded that the complaint did not show that plaintiff is subject to such imminent danger, denied leave to proceed in forma pauperis, and granted plaintiff to and including March 16, 2018, to submit the full filing fee.

Since the entry of that order, plaintiff has submitted eight pleadings to the Court. These pleadings present complaints concerning several aspects of his confinement, including claims that his cell is frequently fumigated, causing him to suffer hoarseness, gagging, and the like; that other inmates and staff members have subjected him

to taunts and unwelcome touching, such as pats on his arm; that he is being coerced to take his meals in the chow hall rather than in his cell; that a recent disciplinary action arising from a failure to cooperate during count was unfair; and that the qualifying "strikes" used to impose the conditions of § 1915(g) are improper.

The Court has carefully considered these pleadings but finds no showing that plaintiff is in imminent danger of serious physical injury. While plaintiff describes conditions and interactions that are unpleasant, he must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)(quoting *Kinnell v. Graves*, 2265 F.3d 1125, 1127-28 (10th Cir. 2001)). Because plaintiff has not satisfied that standard, he may not proceed in forma pauperis.

The Court also has examined the cases identified as qualifying strikes and finds no ground to modify that determination. *See Smith v. Bruce*, 103 Fed. Appx. 342, 343-44 2004 WL 1448019 (10th Cir. June 29, 2004)("The appeal is dismissed is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal of Smith's appeal as frivolous counts as a strike against him, as does the district courts' dismissal of his complaint.") and *In re Benny R. Smith*, Case No. 04-3068 (10th Cir. June 17, 2004)("Because the "Notice of Appeal," construed as a petition for writ of mandamus, is frivolous, petitioner's motion for leave to proceed in this court without prepayment of costs and fees is denied."). These civil filings are qualifying strikes under §1915(g).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to submit the filing fee as directed.

**IT IS SO ORDERED.**

DATED:  This 21st day of March, 2018, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge